# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| LARRY RASON BARRETT, | ) |  |
| --- | --- | --- |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | CASE NO. 08-cv-518-PMF |
|  | ) |  |
| RANDY POLLARD, et al,, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

**FRAZIER, Magistrate Judge:**

Before the Court is defendants' motion for summary judgment (Doc. No. 21). The motion is opposed on the basis that genuine issues of material fact remain for trial (Doc. No. 29). A reply is on file (Doc. No. 31).

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, claiming that rights protected under the Fourth and Fifth Amendments were violated on November 30, 2006, when the defendants seized a used toothbrush from his cell for the purpose of extracting his DNA to further an outside criminal investigation. Plaintiff seeks damages.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The facts presented are construed in the light most favorable to the non-moving party and all reasonable and justifiable inferences are drawn in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). To survive a summary judgment motion, the opposing party must set forth specific facts

showing that there is a genuine issue for trial. *Vanasco v. Nat'l-Louis Univ.*, 137 F.3d 962, 965 (7th Cir. 1998).

The relevant facts are construed in plaintiff's favor. On November 22, 2006, plaintiff was arrested on charges that he violated a state law prohibiting damage to state supported property. While waiting for that charge to be resolved, he was held in the Jefferson County Detention Facility (JCDF). JCDF assessed a $30 processing fee and issued plaintiff property, including a personal hygiene kit. According to JCDF's admission handbook, prisoners are responsible for the care of items issued and will be charged replacement cost for damage, loss, or neglect, JCDF retained ownership of the items issued to plaintiff, which included a toothbrush. At some point, plaintiff purchased another personal hygiene kit from the jail commissary. The second kit also contained a toothbrush. Plaintiff was assigned to a cell in "I" block. He used the toothbrushes to maintain his dental hygiene.

At about the same time, detectives in Downers Grove, Illinois, were investigating a complaint regarding a local incident. Plaintiff was asked to give a voluntary DNA sample on November 28, 2006. That request was made for the purpose of assisting the ongoing criminal investigation. When plaintiff refused to voluntarily provide a sample of his DNA, the detectives contacted defendant Pollard and encouraged him to obtain an item from plaintiff that might contain a sample of his DNA, such as a toothbrush, razor, or piece of silverware.

On November 30, 2006, defendants John Hughey and Jesse Garcia conducted a "shakedown" search of the cells in "I" block. Plaintiff was removed from his cell and moved to the recreation room while his cell was searched by jail officials. The officers spent extra time inspecting plaintiff's personal property and removed one toothbrush from the property box inside plaintiff's cell. They

did not have a warrant. The toothbrush was not contraband and posed no threat to jail security. The toothbrush was seized for the purpose of furthering the outside investigation.

When plaintiff left the JCDF on December 30, 2006, a deputy processed his release without asking him to surrender or dispose of personal hygiene items.

**I.      Fourth Amendment**

The defendants maintain that plaintiff had no property interest in the seized toothbrush, which had been issued by JCDF for temporary use without any transfer of ownership. They argue that they enjoy qualified immunity from an award of damages. Plaintiff responds that the toothbrushes became his personal property when JCDF assessed a processing fee or when he purchased a hygiene kit from the jail commissary. He points out that he used the toothbrushes for personal hygiene, that the toothbrush taken from his cell did not pose any threat to institutional security, and that no effort was made to reclaim hygiene items upon his departure. He further claims that he had a privacy right and a protected interest in his bodily fluids.

An officer conducting a search is entitled to qualified immunity "where clearly established law does not show that the search violated the Fourth Amendment." *Pearson v. Callahan*, __ U.S. __, 129 S.Ct. 808, 822 (2009). In order to resolve the qualified immunity argument, the court first decides whether the conduct violated a Constitutional right. If so, the Court considers whether the right was clearly established in the light of the specific context of the case. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *United States v. Patterson*, 65 F.3d 68, 70 (7th Cir. 1995). In the particular context of shakedown searches, pretrial detainees

have no legitimate expectation of privacy in their assigned jail cells. *Hudson v. Palmer*, 468 U.S. 517, 526 (1984); *Bell v. Wolfish*, 441 U.S. 520, 557 (1979).

Plaintiff believes the search of his jail cell qualifies for an exception to the general rule. He relies on *U.S. v. Cohen*, 796 F.2d 20, 23-24 (2nd Cir. 1986). In that case, a pretrial search of papers kept in an inmate's cell that was not initiated for security reasons was viewed to violate the inmate's expectation of privacy. The Second Circuit carved out a limited exception to cover situations where a pretrial detainee's cell is searched "at the instigation of non-prison officials for non-institutional security related reasons." *Willis v. Artuz*, 301 F.3d 65, 68 (2nd Cir. 2002). Because plaintiff's jail cell was searched by JCDF officials during a shakedown of "I" block, it remains doubtful that the Seventh Circuit would adopt the Second Circuit's limited exception and extend the exception to these circumstances. *See U.S. v. Hogan*, 539 F.3d 916, 923 (8th Cir. 2008)(declining to apply the limited exception to a search instigated for security reasons).

With respect to the seizure, plaintiff did acquire limited authority to possess and use the toothbrushes by paying a processing fee and commissary fee and by using the toothbrushes for personal hygiene. The evidence does not suggest, however, that plaintiff acquired exclusive ownership. Rather, JCDF retained ownership. Stretching the facts in plaintiff's favor, the toothbrushes were jointly owned by plaintiff and JCDF. As part owner, JCDF could seize a toothbrush without treading on plaintiff's Fourth Amendment rights. *United States v. Matlock*, 415 U.S. 164, 171 & n. 7 (1974) (finding no Fourth Amendment violation for a consensual seizure of jointly-held property).

In sum, if the cell search and toothbrush seizure violated a right protected by the Fourth Amendment, that particular right was not clearly established in November, 2006. The defendants are entitled to qualified immunity on plaintiff's Fourth Amendment claim.

## II. Fifth Amendment

The defendants argue that the toothbrush seizure did not violate plaintiff's Fifth Amendment privilege against self-incrimination because he was not forced to give testimonial evidence. They also argue that the seizure did not amount to punishment. Plaintiff responds that the punitive nature of the seizure can reasonably be inferred from the fact that the seizure had no reasonable relation to a legitimate jail administrative or security interest.

Compelled Testimony. The Fifth Amendment privilege bars compelled testimonial communication from an accused. It does not bar events making the accused a source of physical evidence. *Schmerber v. California*, 384 U.S. 757, 763-64 (1966). The Seventh Circuit has determined that DNA information is a form of individual identification, similar to a photograph or fingerprint. As such, it is not similar to testimonial evidence, which is protected by the Fifth Amendment. *U.S. v. Hook*, 471 F.3d 766, 774 (7th Cir. 2006). Because federal law would not currently recognize a DNA extraction from a used toothbrush as a Fifth Amendment deprivation, the defendants are entitled to qualified immunity on this claim.

Punishment. The Fifth Amendment protects pretrial detainees from punishment. *Bell v. Wolfish*, 441 U.S. 520 (1979). Because the protection provided by the Fifth Amendment is at least as great as the protection afforded to inmates under the Eighth Amendment, the standards are considered to be analogous. *Washington v. LaPorte County Sheriff's Dep't*, 306 F.3d 515, 517 (7th Cir. 2002). The Eighth Amendment excludes *de minimus* use of force from constitutional recognition. *Hudson v. McMillian*, 503 U.S. 9-10 (1986).

Defendants suggest that seizure of a used toothbrush from plaintiff's cell is a minimal intrusion that could not qualify as punishment. Plaintiff maintains that he was punished when the defendants secretly removed an item that was properly in his possession and created no risk to institutional security.

Plaintiff has not presented facts that could support a finding that these defendants inflicted

punishment. The toothbrush was taken two days after plaintiff refused to voluntarily provide a DNA sample. Suspicious timing, without more, does not create a reasonable inference that plaintiff's refusal motivated defendants' seizure as a form of punishment. *See Benson v. Cady*, 761 F.2d 335, 342 (7th Cir. 1985). As plaintiff points out, the defendants were encouraged to assist with an outside criminal investigation. A motivation to help third parties is distinct from a motivation to inflict punishment. No evidence suggests that the defendants used force, uttered threats, or harbored feelings of ill will against plaintiff. If seizure of a used toothbrush for the purpose of furthering an outside investigation qualifies as punishment in violation of the Due Process Clause, that right was not well established in November, 2006. In short, the defendants are entitled to qualified immunity on all aspects of plaintiff's Fifth Amendment claim.

### III. Punitive Damages

The defendants argue that punitive damages could not be awarded, pointing to the absence of evidence of evil motive or intent. Plaintiff does not respond to this argument. In view of the finding that all claims are subject to the qualified immunity defense, this argument is moot.

IT IS ORDERED that defendants' motion for summary judgment (Doc. No. 21) is GRANTED on the defense of qualified immunity. Judgment shall enter in favor of the defendants and against the plaintiff.

**IT IS SO ORDERED.**

**DATED:   May 8, 2009  .**

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**